# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| RITA THOMPSON § | |
| § | |
| v. § | Case No. 2:16-CV-0794-RSP |
| § | |
| COMMISSIONER, SOCIAL § | |
| SECURITY ADMINISTRATION | |

## MEMORANDUM OPINION

On January 13, 2015, Administrative Law Judge Richard LaFata issued a decision finding that Petitioner Rita Michelle Thompson was not disabled within the meaning of the Social Security Act from August 6, 2013 through the date of the decision. Ms. Thompson, who was 40 with a high school education at that time, was found to be suffering from severe impairments consisting of degenerative disc disease of the cervical spine and osteoarthritis of the right hand and left knee. These impairments resulted in restrictions on her ability to work, and she had not engaged in any substantial gainful activity since at least August 6, 2013. Before that time, she had worked as a nursing home cook and aide, cashier, housekeeper, warehouse worker and delivery driver. She was unable to return to those types of work.

After reviewing the medical records and receiving the testimony at the September 23, 2014 hearing, the ALJ determined that Petitioner had the residual functional capacity (RFC) to perform less than the full range of sedentary work as defined in the Social Security regulations. She can only occasionally lift or carry 10 pounds, and frequently lift or carry less than 10 pounds. She has the same limits on pushing and pulling. She can sit for six hours, and stand or walk for two hours, in an eight-hour workday. She can frequently handle, finger and feel with the right upper

extremity. She can occasionally balance, stoop, kneel, crouch, crawl, and climb ramps or stairs, but not ladders, ropes or scaffolds, or unprotected heights. Her time off task can be accommodated by normal breaks.

Considering Petitioner's RFC, the ALJ relied upon the testimony of Vocational Expert Phunda Pennington Yarbrough and found that Petitioner had the residual functional capacity to perform several jobs that exist in significant numbers in the national economy, including document preparer or election clerk. This resulted in a finding of no disability, rendering her ineligible for Supplemental Security Income benefits. Petitioner appealed this finding to the Appeals Council, which denied review on June 16, 2016. Petitioner timely filed this action for judicial review seeking remand of the case for award of benefits.

This Court's review is limited to a determination of whether the Commissioner's final decision is supported by substantial evidence on the record as a whole and whether the Commissioner applied the proper legal standards in evaluating the evidence. See *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir.1995); *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir.1994), *cert. denied*, 514 U.S. 1120, 115 S.Ct. 1984, 131 L.Ed.2d 871 (1995). Substantial evidence is more than a scintilla, but can be less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir.1995). A finding of no substantial evidence will be made only where there is a "conspicuous absence of credible choices" or "no contrary medical evidence." *Abshire v. Bowen*, 848 F.2d 638, 640 (5th Cir.1988) (citing *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir.1983)). In reviewing the substantiality of the evidence, a court must consider the record as a whole and "must take into

account whatever in the record fairly detracts from its weight." *Singletary v. Bowen,* 798 F.2d 818, 823 (5th Cir.1986).

Petitioner raises three issues on this appeal:

1. The ALJ's decision was not supported by substantial evidence as Plaintiff meets Listing 1.02(a)(b)(d), and 1.04..

2. The ALJ erred in failing to properly consider Plaintiff's non-exertional limitation and consider the combined effects of Plaintiff's impairments (exertional and non-exertional).

3. The ALJ did not give Plaintiff's treating physicians' opinions proper weight.

*Analysis*:

*Issue No. 1:*

Part of the difficulty with considering Petitioner's arguments involves the wide range of medical complaints that she raises in her treatment history and testimony. The argument that she meets Listings 1.02 (major dysfunction of a joint) and 1.04 (disorders of the spine) does not attempt to correlate her medical history with the particular requirements of the Listings. The requirements of the Listings are exacting. *E.g.*, *Bullock v. Astrue*, 277 Fed.Appx. 325 (5th Cir. 2007). Petitioner relies upon evidence in the record that she uses a cane to walk. However, the Listing requires bilateral canes or a walker. *Id.* The ALJ outlined his reasons for finding that Petitioner did not meet either Listing (Tr. 16), and Petitioner has not shown that those reasons are not supported by substantial evidence.

Petitioner also complains in this issue that the ALJ discounted the credibility of her testimony regarding pain and other symptoms without proper explanation. The Commissioner concedes that while the ALJ has great discretion in weighing the evidence and determining

3

credibility, there are parameters governing those findings. For instance, in Social Security Ruling 96-7, the Commissioner clarified that:

> It is not sufficient for the adjudicator to make a single, conclusory statement that "the individual's allegations have been considered" or that "the allegations are (or are not) credible." It is also not enough for the adjudicator simply to recite the factors that are described in the regulations for evaluating symptoms. The determination or decision must contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight.

A review of the ALJ's opinion, especially at pages 4 through 8, shows that the ALJ did perform the required analysis of the record and give the specific reasons for his credibility determination. For instance, Petitioner's complaints at the hearing concerning her inability to use her right hand to grasp any objects (Tr. 63-64) featured prominently in the criticism of the RFC determined by the ALJ. However, on September 9, 2014, just two weeks before the ALJ's hearing, Dr. Jatavallabhula, the neurosurgeon who performed Petitioner's cervical fusion surgery, examined Petitioner and reported that she had no impairment of fingering or handling. (Tr. 1059). Similarly, Dr. Strahan, her treating orthopedic specialist, found on June 17, 2014, that her "elbow, wrist and hand function is within normal limits." (Tr. 888). These reports and the other medical records detailed by the ALJ show that substantial evidence in the record supports the ALJ's finding that the Petitioner's complaints of pain and disabling symptoms were not fully credible.

*Issue No. 2:*

The second issue is closely related to the first. Petitioner argues that Petitioner's pain created both exertional and non-exertional limitations on her functional capacity that the ALJ failed to include in his RFC. Petitioner is able to point to evidence in the record, such as her

4

testimony and the opinions of Dr. Hozdic, one of her treating physicians. However, Petitioner cannot contest the fact that other treating physicians, such as Dr. Jatavallabhula and Dr. Strahan, cited above, offered opinions that support the ALJ. It is the function of the ALJ to weigh conflicting medical evidence, and his findings are not to be set aside unless they have no substantial support in the record.

As for the argument that Petitioner cannot sit for 6 hours per workday, as required for sedentary work, even Dr. Hozdic found that she could. (Tr. 1052). While superficially persuasive, the argument that the home health assistance for Petitioner confirms her disability is discounted by the fact that the record shows that this assistance was simply provided by "a friend." (Tr. 1063).

*Issue No. 3:*

The last issue argues that the ALJ erred in failing to accord sufficient weight to the opinions of treating physicians Dr. Hozdic and Dr. Syed. In his September 12, 2014 report, Dr. Hozdic definitely found that Petitioner was unable to perform any work (although he did find her able to perform handling and fingering "frequently"). (Tr. 1053). Dr. Syed, the pain management specialist, did not find her disabled as Petitioner maintains in Brief. As noted by the ALJ, Dr. Syed found no restriction in the range of motion in Petitioner's spine or extremities, no maladaptive pain behaviors, and no need for ambulatory aids as of October 21, 2013. (Tr. 411). The ALJ assigned reasons for discounting the opinion of Dr. Hozdic, including the lack of any record of an examination contemporaneous with the disability assessment, and the complete contrast with the assessment from Dr. Jatavallabhula, the doctor who performed Petitioner's surgery, dated just two days before. The ALJ is entrusted with weighing the competing medical evidence and the Court finds that the record supports his decision.

5

*Conclusion:*

Determinations of the limiting effects of chronic pain are always challenging. A review of this record convinces the Court that the ALJ was within his broad discretion is evaluating the medical evidence and the testimony of Petitioner. Accordingly, the finding of the Commissioner is affirmed and this action is dismissed.

**SIGNED this 26th day of September, 2017.**

ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE